JAMES D. McMANN, APPELLANT, *v.* GUSTAVUS AUTENREITH, RESPONDENT.

*Failure of landlord to repair—when it does not justify an abandonment by the tenant.*

The plaintiff leased a building to defendant, who agreed "to do all the repairs which may be required in and upon said premises at his own cost and expense." The defendant having partly fitted up the building, an old one, stored so great a weight of goods therein as to cause the floors to settle, and subsequently the floors and roof settled still more in consequence of a snow storm. Plaintiff, at defendant's request, had the roof made secure, and in so doing removed a portion of the flooring, the material of which was unfit to be relaid.

In an action to recover the rent, the refusal of plaintiff to relay this floor was held by the referee to be an eviction, and a bar to the action for rent. *Held,* that this was error. (DYKMAN, J., dissenting.)

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought to recover rent falling due upon a lease of certain premises from the plaintiff to the defendant. The defence was that the premises became untenantable by reason of the neglect of plaintiff to make repairs, and that defendant abandoned possession.

*N. B. Hoxie,* for the appellant.

*H. C. Place,* for the respondent.

BARNARD, P. J.:

I think there was no eviction proven upon the trial. The defendant agreed "to do all the repairs which may be required in and upon said premises at his own cost and expense." The building was an old building when rented, and the defendant fitted it up in some respects for the purposes of his occupancy. Very soon after he entered into possession the defendant placed goods of great weight within the building. By reason of this weight, and of the condition of the building itself, the floors settled. In the following spring the roof and floors settled still more in consequence of a snow storm. The defendant then applied to the

plaintiff to fix up the building. The plaintiff employed a carpenter and made the roof secure. To do this it was necessary to remove a strip of flooring about six feet wide and fifty feet long. The defendant requested the plaintiff to leave this strip of flooring open until he had disposed of his refrigerators stored there. After the expiration of six months or thereabouts, the defendant requested the plaintiff to lay down such strip of flooring. The refusal to do this is the eviction found by the referee. The covenant in the lease covered this defect. The covenant was to do all repairs. The clause in the lease requiring the defendant to surrender in as good condition as reasonable use would permit, damages by the elements excepted, does not relieve defendant of the obligation to do the repairs in question. It was the defective building which permitted the injury. This was in part occasioned by the great weight which defendant placed in it. If the covenant to repair covered this repair to the roof and building, the case would not fall within the provision of chapter 345, Laws of 1860. It was not the design of that law to relieve a tenant from the performance of his covenants, even if the destruction was caused by a sudden cause. It was not a performance of a covenant to repair, to tax the strength of an old building to its utmost by the weight of goods placed in it, and when the floor settled and became dangerous by the additional weight of a fall of snow on the roof thereon, to avoid responsibility by averring the injury to have been caused by the elements. If the defendant was bound to repair, then the part performance of the work of restoration by plaintiff would not be an eviction. What he did he did by defendant's consent. If he was not legally bound to repair his premises, to do so was without consideration. The strip of flooring taken up was not fit to go back. Upon the whole case, I think the judgment should be reversed, and a new trial granted at circuit, costs to abide event.

GILBERT, J., concurred.

DYKMAN, J., dissenting.

The common law was that a tenant was obliged to pay rent to his landlord, even though the demised premises were destroyed by

fire or otherwise, unless he had exempted himself from payment in case of their destruction, by an appropriate covenant in his lease. This was seldom done, and under this obstinate rule of law the courts often saw great hardships in recoveries, which they were powerless to remedy.

In 1860 the Legislature of our State passed a law which was intended to afford a remedy for the evil. Chapter 345 of the Laws of 1860 provides that the lessees or occupants of any building which shall, without any fault or neglect on their part, be destroyed or be so injured by the elements, or any other cause, as to be untenantable and unfit for occupancy, shall not be liable or bound to pay rent to the lessors or owners thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant; and the lessees or occupants may thereupon quit and surrender possession of the lease-hold premises, and of the land so leased or occupied.

This statute and its objects are entirely plain. It secures to a tenant the right to surrender the demised premises whenever they are rendered untenantable and unfit for occupancy, by injury from the elements, or any other cause, without his fault or neglect. The term "injury" in the statute has reference to some sudden calamity as contradistinguished from natural decay.

The referee has found, from testimony which supports his finding, that the roof and floors of the building in the demised premises in this case settled so much as to be unfit for occupancy, and that the immediate occasion of such settling was the weight of the snow which fell upon the roof in March, 1875. This was a sudden injury within the meaning of the statute, and put the tenant in a position to surrender the lease-hold premises and escape liability for the rent. The referee finds that such surrender was made in December, 1875, and the action was for the rent for the quarter ending on the 1st day of May, 1876, and of course commencing on the first of February of the same year The lessee covenanted in his lease to do all the repairs required in and upon the premises, and to quit and surrender the premises demised in as good state and condition as reasonable use and wear thereof would permit, damages by the elements excepted. This last exception is very important and must be held to apply to the repairs as well as to the

surrender. The repairs intended were ordinary repairs to prevent dilapidation, so as to render possible the surrender covenanted to be made, and the covenant to repair does not impose upon the tenant the liability to repair sudden injuries by the elements, or to rebuild in case of total destruction.

The judgment ought to be affirmed, with cost.

Judgment reversed and new trial granted, costs to abide event; order of reference vacated.